ELLSWORTH COAL COMPANY

*vs.*

J. P. PARTRIDGE COMPANY, AND TRUSTEE

Hancock.    Opinion November 12, 1927.

*"30–60 days" in the recital of a contract concerning trade acceptances construed 30 and 60 days, and that one-half in amount of the trade acceptances might be on 30 days and the rest on 60 days.*

*The law indicates an equality of division when no other manner for dividing is defined.*

On general motion.    An action on the case for breach of contract, by plaintiff, a corporation, against defendant, a partnership, and Charles Holtz, Trustee, involving the purchase by plaintiff of twelve hundred barrels of flour from defendant.    Plaintiff contended that it was to have thirty or sixty days time if necessary for payment, while defendant claimed that plaintiff was to have thirty days for payment on one-half of the amount of the bill and sixty days for payment for the other half, if necessary.    Defendant refused to ship the remaining eleven hundred barrels after one hundred barrels had been shipped and paid for on the ground that plaintiff was not to have sixty days for payment and this action was brought.    Verdict was for the plaintiff and defendant filed a general motion for a new trial.    Motion sustained.

New trial granted.

The case sufficiently appears in the opinion.

*D. E. Hurley,* for plaintiff.

*D. I. Gould,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DUNN, J.    Plaintiff contracted to buy twelve hundred barrels of flour from the defendant, to be paid for on arrival draft with bill

of lading attached, or, at the buyer's option, by what are known as
trade acceptances, as installments of the flour should arrive on order
at destination.   One hundred barrels of flour are to be regarded as
having been delivered.

On the jury trial of this action, bottomed on the alleged refusal
by the defendant to deliver the remaining eleven hundred barrels,
the plaintiff had the verdict.

Whether that verdict manifestly is against the evidence, and there-
fore ought to be set aside, is presented in the motion filed by the de-
fendant, which motion brings the case here.

The underlying inquiry is not if the written agreement introduced
into the evidence by the defendant was then in the same material
form as it was when signed by the parties, but whether that signed
agreement put in evidence by the plaintiff, of which it was insisted
by the plaintiff  that the agreement introduced by the defendant
originally was counterpart, supports the contention of the plaintiff.

That signed agreement which the plaintiff introduce'd was free
from ambiguity.   Concerning the trade acceptances, which the plain-
tiff had the option of giving, legal construction of the recital of the
contract is, that these could have been on 30 and 60 days, and not
as the plaintiff now argues, on 30 to 60 days.   That arbitrary sign
which had been written by hand, between the numerals "30" and
"60," in the agreement relied on by the plaintiff, is only too plainly
the familiar one for the coordinating conjunction "and."

And the equality of division which the law indicates when no other
manner for dividing is defined, imported into the meaning of the
contract, that one-half in amount of the trade acceptances might be
on 30 days and the rest on 60 days.

If, on the plaintiff's version, the minds of the parties did not so
meet, then the minds of the parties did not meet at all.

When the plaintiff ordered that flour be shipped, and on no other
terms than sixty-day acceptances, the defendant in ignoring that
order breached no contractual duty.

Obviously, the verdict is contrary to the evidence.

*Motion sustained.*
*New trial granted.*